IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEAN LILJEBERG and <br> SHERRY LILJEBERG, <br> <br> Plaintiffs, <br> <br> v. <br> <br> CONTINENTAL TIRE THE <br> AMERICAS, LLC and LAMARQUE <br> FORD, INC., <br> <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 2:11-CV-510-WKW [WO] <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION AND ORDER

Defendant Lamarque Ford, Inc., joined by Defendant Continental Tire The Americas, LLC, removed this action from the Circuit Court of Montgomery County, Alabama, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. In the removal petition, Lamarque, the sole non-diverse defendant, contends that it was fraudulently joined because the state of Alabama does not have personal jurisdiction over it. It simultaneously filed a motion to dismiss alleging lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2); (Doc. # 5.) Plaintiffs Dean and Sherry Liljeberg responded by filing a motion to remand. (Doc. # 12.) Having considered the motions and the relevant law, the court finds that Plaintiffs' motion to remand is due to be granted. That ruling makes it unnecessary for the court to rule on the Rule 12(b)(2) motion.

## I.  STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095. "In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).

Even if complete diversity is lacking "on the face of the pleadings," a defendant may remove "an action . . . if the joinder of the non-diverse party . . . [was] fraudulent." *Triggs*, 154 F.3d at 1287 (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1355 (11th Cir. 1996)). The action is removable because "[w]hen a plaintiff names a non-diverse defendant solely in order to defeat federal diversity

2

jurisdiction, the district court must ignore the presence of the non-diverse defendant." *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs*, 154 F.3d at 1287. The Eleventh Circuit has recognized three situations in which joinder may be deemed fraudulent: (1) when there is no possibility that the plaintiff can prove a cause of action against the resident (or non-diverse) defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) when there is no real connection to the claim and the resident (or non-diverse) defendant. *Id.*

As to the first type of fraudulent joinder, the only type at issue here, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. The "potential for legal liability must be reasonable," however, "not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005) (citation and internal quotation marks omitted). Alternatively stated, a district court "is correct to deny the motion to remand only if there was *no possibility* that [the plaintiff] could have maintained a cause of action . . . in Alabama state court." *Henderson*, 454 F.3d at 1281–82. The court's "task is not to gauge the sufficiency of the pleadings in this case. [The] inquiry is more basic: [The court]

3

must decide whether the defendants have proven by clear and convincing evidence that no Alabama court could find this complaint sufficient . . . ." *Id.* at 1284.

"[T]he determination of whether a [non-diverse] defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg*, 428 F.3d at 1322 (quoting *Pacheco de Perez*, 139 F.3d at 1380). "The proceeding appropriate 'for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure 56]." *Id.* at 1322–23 (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)). Accordingly, all contested issues of substantive fact and any uncertainties as to the current state of the law must be resolved in the plaintiff's favor. *See id.* at 1323; *see also Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs, who are Louisiana citizens, were traveling in Alabama in their Ford Expedition when the passenger's side rear tire suddenly detreaded, resulting in a rollover of the Expedition and causing Plaintiffs severe and permanent injuries. (Compl. ¶ 7.) The Ford Expedition was equipped with Continental tires at the time of the accident, and Plaintiffs claim that their injuries were the proximate result of the

4

defective Continental tire. (Compl. ¶¶ 9–10.) Plaintiffs bought the Expedition new from Lamarque, a Ford dealership in Louisiana, and had Lamarque perform routine maintenance on it. (Mot. to Remand 2.)

As to Lamarque, Count V alleges that Lamarque was negligent in failing "to properly install, inspect, replace, rotate, or repair the Continental tire on the 2006 Ford Expedition." (Compl. ¶ 32.) Additionally, Count V claims Lamarque was negligent for failing "to properly warn or instruct Plaintiffs on the dangers and hazards associated with the Continental tire's propensity to detread under normal driving conditions." (Compl. ¶ 33.) Plaintiffs further contend that Lamarque "is believed to be a Louisiana corporation with its principal place of business in Jefferson Parish, Louisiana," and "[u]pon information and belief . . . does business by agent in the [s]tate of Alabama." (Compl. ¶ 5.) Lamarque does not dispute that it is incorporated in Louisiana and has its principal place of business in Louisiana. (Not. of Removal 10); *see also* § 1332(c)(1).

Lamarque timely removed this action to federal court pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), asserting that there is complete diversity of citizenship between Plaintiffs and Continental Tire and that the amount in controversy exceeds $75,000. *See* § 1332(a). Although both Plaintiffs and Lamarque are Louisiana citizens, Lamarque contends that it was fraudulently joined. More specifically,

5

Lamarque asserts and submits evidence that no possibility exists of establishing a cause of action against it because it has insufficient minimum contacts and Alabama state courts do not have personal jurisdiction over it.

After removal, Lamarque also filed a motion to dismiss, urging dismissal in part for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  In response, Plaintiffs timely filed a motion to remand, arguing that removal was improper because there is not complete diversity of citizenship and Lamarque was not fraudulently joined. Plaintiffs further emphasize that they have alleged in their Complaint that Lamarque "does business by agent in the [s]tate of Alabama" and request that the action be remanded to the state court for resolution of the personal jurisdiction issue.  (Mot. to Remand 8; Compl. ¶ 5.)

### III. DISCUSSION

This action presents the question whether an alleged lack of personal jurisdiction over a defendant is sufficient to find that defendant to be fraudulently joined to the suit.  Ultimately, this question need not be answered.  Precedent and consideration of the limited jurisdiction of federal courts weigh against deciding that question.  Federal courts have the discretion to sever the subject matter and personal jurisdiction inquiries.  Because this case can be resolved on simple and narrow

grounds by only answering the subject matter jurisdiction question, it is reasonable to use this discretion to do just that.

The parties do not argue or cite, and the court is unaware of, any binding case law or other authority analyzing whether an alleged lack of personal jurisdiction may serve as the basis for arguing in the removal and remand context that a defendant was fraudulently joined to defeat diversity jurisdiction.  There has been some, but not much, discussion relevant to this issue in the district courts.[1]  In *Lane v. Champion International Corp.*, 827 F. Supp. 701 (S.D. Ala. 1994), the district court was confronted with a similar scenario.  In that case, Florida citizens originally brought an action in an Alabama state court against two defendants, one of whom was a citizen of Florida.  *See id.* at 703.  The Florida defendant removed the action on the basis of diversity-of-citizenship jurisdiction, arguing that it was fraudulently joined both because the state of Alabama lacked personal jurisdiction over it and because there was "no possibility" that the plaintiffs could "establish a viable cause of action against the non-diverse defendant in state court."  *Id.*  The Florida defendant also filed a separate motion to dismiss for lack of personal jurisdiction.  *See id.* at 702.

---

[1] The dearth of authority is not surprising.  In the typical case, the plaintiff files suit in his or her state of citizenship against a defendant who also is a citizen of the forum state, and personal jurisdiction over the resident, non-diverse defendant is not in dispute.  *See Lane v. Champion Int'l Corp.*, 827 F. Supp. 701, 704 (S.D. Ala. 1994).  This is not the typical case, however, because Plaintiffs and Lamarque, who are citizens of Louisiana, are parties to a lawsuit brought in an Alabama court.

The plaintiffs urged the court to "eschew consideration of personal jurisdiction as a component of th[e] court's [subject matter] jurisdiction" inquiry on the motion to remand. *Id*. at 704.

The *Lane* court found that it had discretion to decide whether to examine the motion to dismiss for lack of personal jurisdiction prior to addressing the plaintiffs' motion to remand. *See id.* at 704. Exercising that discretion based upon "notions of judicial economy, fairness, and equity," the court opted "*not* to resolve the personal jurisdiction issue" and to leave the "ultimate determination" of personal jurisdiction for the state court upon remand. *Id.* at 705. In other words, on the remand issue, it decided only whether the defendants had shown that under state substantive law, the plaintiffs could not establish an essential element of their cause of action against the non-diverse defendant. *See id.* at 705–10; *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999) (holding that in a removed case, when a court has before it a defendant's motion to dismiss for lack of personal jurisdiction and a plaintiff's motion to remand for lack of subject matter jurisdiction, it is within the court's discretion to determine which motion to consider first).

A district court's decision to remand a case to state court based on a finding that the non-diverse defendant was not fraudulently joined to defeat diversity jurisdiction is based upon a lack of subject matter jurisdiction. *See Hernandez v.*

8

*Seminole Cnty., Fla.*, 334 F.3d 1233, 1236–37 (11th Cir. 2003); *see also Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009) ("[R]emand based on the absence of fraudulent joinder is based on a lack of subject matter jurisdiction."). Here, Lamarque cites no authority for resolving on a motion to remand the question of personal jurisdiction through the fraudulent joinder lens of subject matter jurisdiction. As a general principle, "[t]he concepts of personal and subject matter jurisdiction are separate and distinct." *Duplantier v. United States*, 606 F.2d 654, 663 n.19 (5th Cir. 1979). The jurisdictional doctrines "serve different purposes." *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1218 n.21 (11th Cir. 2009) (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982)); *see also Hayward v. Chase Home Fin., LLC*, No. 10cv2463, 2011 WL 2881298, at *3 (N.D. Tex. July 18, 2011) (noting that a business's contacts with the state were not relevant on the issue of subject matter jurisdiction because the "specific and general jurisdiction analysis is only relevant when considering *personal* jurisdiction").

Some district courts have declined on a motion to remand to address a fraudulent joinder argument premised on a non-diverse defendant's defense that the state court lacks personal jurisdiction over it. In *Thompson v. Cottrell, Inc.*, No. 10-124, 2010 WL 850183 (S.D. Ill. Mar. 8, 2010), the court reasoned that "a lack of

9

personal jurisdiction does not go to the merits of [the plaintiff's] claim against [the non-diverse defendant] and thus does not show that [the plaintiffs] cannot establish a cause of action against the non-diverse Defendant." *Id.* at *3.  The reasoning was similar in *YA Global Investments, L.P. v. McKenzie Bay International Ltd.*, No. 09-2107, 2010 WL 398379 (D.N.J. Jan. 27, 2010).  That court found that the removing defendants "d[id] not accurately apply" the fraudulent joinder standard because they were "not challenging the viability of any of Plaintiff's state law claims," but rather they were challenging complete diversity "based solely on their contention that the Court lack[ed] personal jurisdiction over [the non-diverse defendant]."[2] *Id.* at *4; *but see Ross Bros. Constr. Co. v. Sparkman*, No. 3:06cv116, 2006 WL 1519362, at *2–5 (S.D. W.Va. May 25, 2006) (addressing the removing defendants' argument that there was "no possibility that the [p]laintiffs could state a claim against [the non-diverse defendant] because the West Virginia courts lack personal jurisdiction over him").

Here, exercising its discretion, the court will sever the two inquiries – the attack on personal jurisdiction and the attack on subject matter jurisdiction – and

---

[2] District courts also have not permitted removing defendants to argue fraudulent joinder on the basis of lack of personal jurisdiction on behalf of a non-consenting defendant, given that the "defense of lack of personal jurisdiction . . . can . . . be waived, and the right to waive *in personam* jurisdiction is personal to the defendant." *Seguros Comercial Am., S.A. de C.V. v. Am. President Lines, Ltd.*, 934 F. Supp. 243, 245 (S.D. Tex. 1996); *accord Zufelt v. Isuzu Motors Am., L.C.C.*, 727 F. Supp. 2d 1117, 1131 (D.N.M. 2009).  The latter two cases are factually distinguishable in that Lamarque is raising the defense on its own behalf.

address them separately. This decision obviates the need to resolve the more difficult issues presented by Lamarque's tactic on removal, issues that neither Lamarque nor Plaintiffs have raised or briefed. For one thing, it need not be decided whether it is appropriate for Lamarque to collapse the inquiries of fraudulent joinder (*i.e.*, subject matter jurisdiction) and personal jurisdiction into one as the basis for removing a case to federal court. For another, it need not be decided whether merging the inquiries of fraudulent joinder and personal jurisdiction, *i.e.*, in effect, considering whether there is a reasonable possibility that personal jurisdiction over Lamarque is lacking, impermissibly places the burden on Plaintiffs to disprove fraudulent joinder. *Compare J.C. Duke & Assocs. Gen. Contractors, Inc. v. West*, 991 So. 2d 194, 196 (Ala. 2008) ("The plaintiff has the burden of proving that the trial court has personal jurisdiction over the defendant.") and *S & Davis Int'l, Inc. v. The Republic of Yemen*, 218 F.3d 1292, 1303 (11th Cir. 2000) (The burden of proving personal jurisdiction over a non-resident defendant rests with the plaintiff.), *with Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (The removing defendant has the heavy burden of proving fraudulent joinder.).

In *Ruhrgas*, the Supreme Court observed that "[c]ustomarily, a federal court first resolves doubts about its jurisdiction over the subject matter . . . ." 526 U.S. at 578. Indeed, it "recognize[d] that in most instances subject-matter jurisdiction will

11

involve no arduous inquiry." *Id.* at 587. "In such cases, both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id.* at 587–88.

Here, the sole basis offered for finding that Lamarque was fraudulently joined to defeat diversity is that Alabama state courts lack personal jurisdiction over it. No other ground for fraudulent joinder is asserted. At least one other district court has found that, under circumstances analogous to these, the answer under *Ruhrgas* was easy:

> Applying the *Ruhrgas* analysis, . . . the Court notes that subject-matter jurisdiction poses no difficult or novel questions at all. [The defendant] is plainly a non-diverse party. Indeed, the sole basis offered for finding that [the defendant] was fraudulently joined is the claim that Mississippi lacks personal jurisdiction over him. That may be the case, but if so, it must be determined by a court that has subject-matter jurisdiction. This Court does not.

*Burks v. Gen. Motors Corp.*, 297 F. Supp. 2d 889, 890–91 (N.D. Miss. 2003). Likewise, on this record, the issue of subject matter jurisdiction is simple and "involve[s] no arduous inquiry." *Ruhrgas*, 526 U.S. at 587. Lamarque undisputedly is a non-diverse party, and it does not make any challenge to the substantive causes of action. (*See* Resp. to Mot. to Remand 3 (admitting that it "does not seek any type of substantive ruling on the causes of action against it in the Complaint").) Exercising its discretion under *Ruhrgas*, this court will remand this action for lack of

12

subject matter jurisdiction and will leave to the learned state court the question of personal jurisdiction.[3] *See Ruhrgas*, 526 U.S. at 587–88.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand (Doc. # 12) is GRANTED, and this action is REMANDED to the Circuit Court of Montgomery County, Alabama.

The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 24th day of February, 2012.

        /s/ W. Keith Watkins
        CHIEF UNITED STATES DISTRICT JUDGE

---

[3] This court concurs with the general observation of the *Henderson* court: "[F]or a federal court to interpose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands." 454 F.3d at 1284; *see also Ruhrgas*, 526 U.S. at 587.